ALBERT L. FIELD *v.* HERBERT NEWBURN.

[45 South., 573.]

CIVIL CODE OF LOUISIANA. *Art.* 2705. *Landlord and tenant. Predial estates. Pledge.*

Under Civil Code of Louisiana, Art. 2705, giving a lessor, for the payment of rent of predial estates, a right of pledge on the movable effects of the lessee found on the property leased, embracing everything that serves for the labor of the farm, the furniture of the lessee's house and the fruits produced during the lease:—

(a) A lessor has no lien or right of pledge upon a buggy not found on the leased premises nor used in the farm work; and

(b) The statutory right cannot be predicated of testimony showing only that the defendant during a preceding lease told the lessor he would lease for the next year.

FROM the circuit court of Adams county.

HON. MOYSE WILKINSON, Judge.

Field, appellant, was plaintiff, and Newburn, appellee, was defendant in the court below. From a judgment in defendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court.

The suit was an action of replevin for the possession of a horse and buggy, the plaintiff basing his right on a statute of Louisiana, quoted in appellant's brief, touching the relation of landlord and tenant. The opinion of the court states the facts.

*A. H. Geisenberger,* and *J. S. Boatner, Jr.,* for appellant.

The only question in this case is whether the courts of Mississippi will enforce the laws of the state of Louisiana through comity, as the cause of action arose and must be governed by the laws and jurisprudence of Louisiana.

The section of the Civil Code of Louisiana, applicable to this case, is as follows:

" Art. 2705. The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased. In the case of predial estates this right embraces everything that serves for the labor of the farm, the furniture of the lessee's house, and the fruits produced during the lease of the land; and in the case of houses and other edifices it includes the furniture of the lessee, and the merchandise contained in the house or apartment, if it be a store or shop. But the lessee shall be entitled to retain, out of the property subjected by law to the lessor's privileges, his clothes and linen, and those of his wife and family, his bed, bedding and bedstead, and those of his family; his arms, military accoutrements and the tools and instruments necessary for the trade or profession by which he gains his living and that of his family."

The court is referred to the following Louisiana cases which construe the right of pledge of the lessor: *Millot* v. *Conrad,* 112 La. Rep., 927; *Carroll* v. *Banker,* 43 La. Ann., 1194.

It is so well setttled in the jurisprudence of Louisiana that the lessor has, for the payment of his rent, the right of pledge on the property of his lessee that the question is beyond dispute. It is also as well settled that this right of pledge extends to the property of the lessee even after its removal for the space of fifteen days (art. 2709 of the Louisiana Civil Code), if it still remains the property of the lessee and can be identified. Here there is no question that the property seized remained the property of the lessee at the time of the seizure, and that it was identified as such, and that the seizure was within the

fifteen days after the removal of the property from the leased premises.

The right of pledge is even stronger than a privilege, in that it gives to the landlord the right of possession and detention, without which, under the theory of the Louisiana civil law, there can be no valid pledge, the right of possession and detention being an essential of the right of pledge.

*Charles F. Engle,* for appellee.

Is the appellant entitled to the immediate possession of the horse and buggy owned by appellee, and regarding which appellant has no verbal or written contract, claim or understanding? Certainly not, under any practice or procedure known to the common law or to the law of Mississippi.

Appellant, however, seeks to hold the property by invoking the law of Louisiana. But, even under the statute law of that state referred to in his brief, a lessor has no lien on the buggy which had not been used by the lessee on the leased premises.

But even if the law of Louisiana can be enforced in Mississippi against a citizen of Mississippi, appellant cannot recover, for the simple reason that the record does not show that the relation of lessor and lessee existed between the appellant and appellee.

CALHOON, J., delivered the opinion of the court.

Field was a Louisiana planter. Newburn had been his tenant for 1906. In February, 1907, he left Field's place in Louisiana and came over to Mississippi, bringing with him a horse and buggy. Field brought an action of replevin in Mississippi for the horse and buggy. He bases his right of recovery on a statute of the state of Louisiana which is brought to our notice as copied in full in the brief of his counsel. That act provides that " the lessor has for the payment of his rent and other obligations of the lease a right of pledge on the movable effects of the lessee which are found on the property

leased." Another section of the act declares that that right embraces everything that serves for the labor of the farm. It was shown that the horse had been worked on the plantation in making the crop of the year 1906, but there is no evidence that the buggy was found upon the leased premises or was ever used about the farm work; and it therefore follows that there could have been no recovery of the buggy by the lessor.

Waiving altogether, now, the determination of the question whether, under the comity of states, this Louisiana legislation can be enforced against people in Mississippi, we think that, even if it could, there could be no recovery of the horse and buggy, because there must unmistakably be a lessor and a lessee and a lease, and this record does not show that such was the case. It will be perceived that Newburn paid to Field the rent for 1906, as the record shows; and it also shows that in December of that year Field a day or two before Christmas handed to Newburn $20. But it also shows that Newburn afterwards delivered to Field cotton worth more than $300. Now the only showing in the record of any contract of lease for 1907 was that Newburn told Field that he was going to stay another year. There is no pretense that Field made any contract of lease for the next year.

*Affirmed.*